## 2ND CIRCUIT COURT OF APPEALS

## PARISH OF CADDO

## STATE OF LOUISIANA

**STATE OF LOUISIANA EX REL,
MARCUS L. LARD**

**VERSUS**

**STATE OF LOUISIANA
2ⁿᵈ JUDICIAL DISTRICT COURT**

**NUMBER: 36,606**

**FILED:** _____

**BY:** _____

## PETITION FOR WRIT OF MANDAMUS

**Docket Number(s):36,606    Section: "____"**

**Directed to:**

Clerk of Court

2nd Judicial District Court

100 Courthouse Dr.

Arcadia, Louisiana 71001

**Respectfully Submitted By:**

*Marcus Lard*

**MARCUS L. LARD #559590
Raymond LaBorde Correctional Center
1630 Prison Road
Cottonport, LA 71327**

## 2ND CIRCUIT COURT OF APPEALS

## PARISH OF CADDO

## STATE OF LOUISIANA

**STATE OF LOUISIANA EX REL,**
**MARCUS L. LARD**

**VERSUS**

**STATE OF LOUISIANA**
**2nd JUDICIAL DISTRICT COURT**

**NUMBER:** 36,606

**FILED:** _____

**BY:** _____

## PETITION FOR WRIT OF MANDAMUS

**Docket Number(s): 36,606**          **Section: "_____"**

### Jurisdiction

Jurisdiction is vested in this Honorable Court pursuant to the Constitution of the State of Louisiana of 1974, Article V. 10.

### Statement of the Case

1.

Relator filed a motion entitled "Motion for Transcripts of Grand Jury Proceeding or To Dismiss the Indictment or The Grand Jury was Originally Intended to Protect the Accused," said motion was filed into the 2nd Judicial District Court by mailing said document to the Clerk of Court at 100 Courthouse Dr.; Arcadia, La 71001. **SEE ATTACHED EXHIBIT "A"**

2.

That it has been in excess of (150) one hundred fifty days since the filing of that Motion on October 15, 2021.

**3.**

The 2nd Judicial District Court and its Clerk has failed to act and respond in any way to that Motion; I have not received a hearing or ruling on that Motion.

**4.**

That pursuant to the Constitution of the State of Louisiana of 1974, Article 1 § 22, relator is entitled to due process of law and justice, administered without denial, or unreasonable delay, for injury to him in his person, property, reputation or other rights.

**5.**

That the District Court has had ample time and opportunity to render a judgment an acceptance of the Motion, hold a hearing, and to render a ruling and further delay is in effect a denial of relator's right to access to the courts.

**WHEREFORE RELATOR PRAYS** for the issuance of writ of mandamus therein directing the District Court take cognizance of the Petition filed by the relator without further delay.

This _____ day of _____, 2022

**Respectfully Submitted By:**

_____
**MARCUS L. LARD #559590**
**Raymond LaBorde Correctional Center**
**1630 Prison Road**
**Cottonport, LA 71327**

STATE OF LOUISIANA

PARISH OF AVOYELLES

## AFFIDAVIT OF VERIFICATION

     **BEFORE ME**, the undersigned Ex Officio Notary, in and for the Raymond LaBorde

Correctional Center, Parish of Avoyelles, State of Louisiana,

     **PERSONALLY CAME AND APPEARED** Marcus L. Lard #559590. Who after being

duly sworn as prescribed by law, did depose and say, that he is the Petitioner in the foregoing

"Writ of Mandamus" and that the information therein is true to the best of his information,

knowledge and beliefs.


_____
**Petitioner**

**SIGNED** and affirmed in the presence of:


_____
**Witness**


_____
**Witness**

Sworn to and subscribed before me this _April_ day of _1st_, 20 _22_.


_____ # _173857_
**Ex Officio Notary**
Department of Public Safety and Corrections

Page 4 of 4

| STATE OF LOUISIANA | § | 12TH JUDICIAL DISTRICT COURT |
| --- | --- | --- |
| VERSUS | § | PARISH OF BIENVILLE |
| MARCUS L. LARD | § | STATE OF LOUISIANA |
| NO. 36,606 | § | |

| | |
| --- | --- |
| FILED | CLERK OF COURT |

## MOTION FOR TRANSCRIPT OF GRAND JURY PROCEEDING OR TO DISMISS THE INDICTMENT OR THE GRAND JURY WAS ORIGINALLY INTENDED TO PROTECT THE ACCUSED

**COMES NOW Marcus Lard**, by counsel, and moves this court pursuant to the First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendment to the United States Constitution, and Articles 1, 2, 3, 5, 13, 14, 16 and 17 of the Louisiana Constitution to produce a transcript of the grand jury proceeding or in the alternative to dismiss the indictment against him in support of his motion, Mr. Lard states as follows:

### INTRODUCTION

1. We know the prosecution was present during the indictment process, and therefore had access to the facts and what occurred. We also know that the defense was intentionally and entirely excluded, for the law provides in pertinent part:

> **A. (1)** Only the following persons may be present at the sessions of the grand jury:
>
> **(a)** The district attorney and assistant district attorneys or any one or more of them;
>
> **(b)** The attorney general and assistant attorneys general or any one or more of them;
>
> **(c)** The witness under examination;
>
> **(d)** A person sworn to record the proceedings of and the testimony given before the grand jury…

Louisiana Code of Criminal Procedure Article 433.  The question becomes one of whether there is any possible constitution justification for denying Mr. Lard access to the important facts that occurred during the indictment process. This must also be set in light of the prosecution ongoing obligation to provide prior inconsistent statements of witness to the defense.

2. The first question is why should the prosecution not disclose the grand jury transcript? If past history is anything to go by in denying Mr. Lard this right the

prosecution will doubtless intone the allegedly "indispensable secrecy of grand jury proceeding," and cite this court to *State v. Trosclair*, 443 So. 2d 1098 (La. 1983), cert. denied 468 US 1205, 104 S. Ct. 3593, 82 L. Ed. 2d 889 (1984). To the contrary, in *Trosclair*, the court held that "justice may demand that discrete portion of (Grand Jury) transcripts be made available. *Id.* at 1102 (quoting *Douglas Oil Co. of California v. Petrol Stops Northwest*, 441 US 211, 219-20, 99 S. Ct. 1667, 1673, 60 L. Ed. 2d 156 (1979).

3. When faced with the prosecution's obligation to provide *Brady* material to the defense, the question then becomes what the prosecution's defintion of *Brady* material is? This only goes to show a point that should be obvious from the state that it is not entirely reasonable to expect the prosecution to always see exculpatory evidence in the prior statements of their witness. The fox should not be asked to guard the hen house. Especially whereas in the case here absolutely no state interest exists not to provide the grand jury testimony to the defendant, there should be clear policy favoring its disclosure to the defendant.

4. In any event, as set forth below, Mr. Lard has the right to have the grand jury proceedings recorded. Apparently the record is void to any manner the grand jury proceeding being recorded. If it were not recorded, there is a presumption of prejudice and the indictment must be dismissed.

**A. THE DEPRIVATION OF MR. LARD'S RIGHT THROUGH ANY LOSS OF THE GRAND JURY TRANSCRIPT DID RENDER HIS GUILTY PLEA AN EXERCISE OF FUTILITY IN ADVANCE.**

5. Any failure to preserve a record of what was done in the grand jury must result in dismissal of the indictment against him.

**B. THE STATE IS UNDER A DUTY NOT TO DESTROY OR INTENTIONALLY FAIL TO PRESERVE THE RECORD OF THE GRAND JURY PROCEEDING.**

6. The United States Supreme Court issued a ruling which has changed the way in which grand juries are permitted to operate. In *Butterworth v. Smith*, 494 US 624, 110 S. Ct. 1376, 108 L. Ed. 2d 572 (1990). The Supreme Court ruled that the Constitution forbids blanketed rules which preclude the foreclosure of matters occurring before the grand jury.

7. An analysis of the reasoning of the Supreme Court in *Butterworth* is dispositive of the issue before this court. Reviewing the history of the grand jury, the Court noticed that the most important reason for the tradition of secrecy surrounding the institution in its recent years was "to safeguard citizen against an overreaching crown and unfounded accusation." *Butterworth v. Smith*, 108 L. Ed. 2d at 580.

8. However, when an investigation ends, there is no longer a need to keep information from the targeted individual to prevent his escape. *Id.* at 582. More often than not, nowadays the secrecy of the grand jury may now be used as a tool by the State to inflict an unfair disadvantage upon the accused.

9. Indeed, the Supreme Court has noted "that grand juries are expected to operate within limits of the first amendments. As well as other provisions of the Constitution." *Butterworth v. Smith*, 108 L. Ed. 2d at 580 (quoting *Brazhurg v. Haynes*, 408 US 665, 708 , 92 S. Ct. 2646, 33 L. Ed. 2d 626 (1972). See also *Wood v. Georgia*, 370 US 375, 8 S. Ct. 1364, 8 L. Ed. 2d 569 (1962). In Federal court "All proceedings, except when the grand jury is deliberating or voting, shall be recorded stenographically or by electronic recording device" Federal Rule Criminal Procedure. 6(e)(1). The cloak of secrecy has been wrenched form the grand jury for some important reasons:

   B. Ensuring that the defendant may impeach a prosecution witness on the basis of his inconsistent statements before the grand jury.

   C. Ensuring that the testimony received by the grand jury is trustworthy.

   D. Restraining prosecutorial abuses before the grand jury.

10. Applying this law to the manner in which the grand jury proceeding were conducted in this case, it is clear that the procedure in this case contravened various constitutional provisions including the First, Fifth, Sixth, Eight, and Fourteenth Amendment rights of the accused and the First Amendment rights of all citizens of Louisiana to the extent that no record was made in the grand jury room or that it is not made available to the defendant.

11. Louisiana Code of Criminal Procedure Article 443. Any limited interest in pre-indictment secrecy is served by a limited prohibition against disclosures in this case, Mr. Lard has not been indicted. The record does not confirm Art. 444. (B) and that

interest is clearly dissipated altogether. However, the ban ad infinitum against ever disclosing the inconsistent testimony and perjury committed by state witnesses cannot be reconciled with the constitutional rights of the accused.

12. The only effective way of assuring that witnesses in the grand jury are brought to account is to preserve a verbatim transcript of their testimony.

13. This transcript also has the benefit of assuring that other fundamental right of the accused are respected. If there is a transcript, then it must be disclosed the Supreme Court has indicated that, in addition to the two statutory reasons requiring that the evidence be divulged there may be other "compelling reasons why the testimony should be disclosed." *State v. Ward*, 483 So. 2d 578, 585 (La. 1986) citing La. C.Cr.P. Art. 434(A). Also the comments to the Louisiana Code sets forth examples of reasons why disclosure of grand jury proceedings should be allowed: the statutory obligations of secrecy does not preclude revelation of testimony to show that a person's constitutional rights have not been violated. In *State v. Smalling*, 125 So. 2d 399, 405 (La. 1960) The court said "the indictment is the foundation of the criminal case, and if it is grounded, in whole or in part, on evidence secured in violation of an absolute nullity." Although the court in that case did not deal with the rule of secrecy, it necessarily follows that a revelation of testimony may be required in order to determine if a person's constitutional rights have been violated.

14. Since Mr. Lard has a constitutional right to exculpatory evidence, this means that there is a compelling reason to divulge the grand jury testimony. This is hardly a novel question for this court, for a grand jury transcript has frequently been ordered disclosed. See e.g., *State v. Peter*, 406 So. 2d 189, 190 (La. 1981); *State v. Evans*, 512 So. 2d 615, 619-20 (La. App. 2nd Cir. 1987); see also *State v. Ates*, 418 So. 2d 1326, 1329 (La. 1982),

15. The State bears the burden of establishing a clear and complete record of criminal proceedings. *Wright v. Lay*, 664 F. Supp. 1270, 1275 (D. Minn. 1987). (*Golden v. Newsome*, 755 F.2d 1478, 1479 (11c 1985). Obviously this can only be done if the whole case is recorded in light of the judge's role as arbiter of the accused

constitutional rights to a fair trial, the duty to insure the compete recording of the case also rests with the court.

**C. IF HE IS DENIED THE TRANSCRIPT OF THE GRAND JURY PROCEEDING, MR. LARD WILL BE DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL.**

16. Courts faced with the issue have recognized that the unavailability of pretrial transcripts is a serious impediment to the preparation of a defence. See e.g., *People v. Ladmirault*, 263 Cal. Rptr. 285, 286 Cal. App. 2d (1989). Particularly where as here where the grand jury proceedings were never held. This court cannot say with assurance that the error of absence of counsel in this case was to prejudicial. *Grave v. State*, 505 S.W. 2d 748, 752 (Ark. 1974) (reversed and remanded for a new trial) See also *State v. Perry*, 401 N.W. 2d 748, 754 Wis. (1987). Fact of this was a guilty plea is an important factor in decision whether to grant new trial for deficient transcript.

17. When judging the effectiveness of counsel from a pretrial perspective, the question is not the same as the retroactive review founding federal habeas corpus litigation. Indeed, the Louisiana Supreme Court has clearly distinguished between claims of deficient counsel raised before, rather than after trial. *State v. Marshall*, 414 So. 2d 684, 687 (La. 1982) *State v. Peart*, 621 So. 2d 780 (La. 1993).

18. Therefore when considering the effectiveness of counsel from pre-trial perspective, virtually any state interference with counsel's ability to provide effective representation will violate the Sixth Amendment and Section 13 of the Louisiana Constitution. See *Lucky v. Harris*, 860 F.2d 1012, 1017 (11th Cir. 1988) (discussing the differing standard for the prospective assessment of competent representation.)

19. The failure to provide counsel with important transcripts is clearly enough state interference to assure a violation of these provisions. The imbalance in this case makes the issue particularly clear if there was a grand jury in this case, the prosecution was present when the witness testified in the grand jury, and therefore knows what he said. The defense was not even notified that grand jury proceedings would be held, or that Mr. Lard was their target. The Due Process Clause forbids enforcement of rules unless reciprocal rights are given to criminal defendants. *Wardius v. Oregon*, 412 US 470, 472, 93 S. Ct. 2208, 37 L. Ed. 82 (1983).

### D. MR. LARD WAS DENIED HIS CONSTITUTIONAL RIGHTS TO MEANINGFUL APPELLATE REVIEW IF HE IS NOT PROVIDED WITH A TRANSCRIPT OF THE GRAND JURY PROCEEDINGS.

20. The Fifth Circuit has observed that even in non-capital cases the right to appeal would be rendered illusory if the appellant court is not able to study the entire record. *US v. Selva*, 559 F.2d 1303, 1305 (5th Cir. 1979). Similarly in *Zant v. Cook*, 259 60, 299, 379 S.E. 2d 780 (1989) The Georgia Supreme Court found that appellant was denied his right to a appeal his conviction by the State's failure to preserve the transcript of his trial.

21. The State's failure to preserve the record of grand jury proceedings makes it all the more difficult for Mr. Lard to pursue certain avenues of relief from the proceedings against him. For example, his challenge to the unconstitutional manner in which he was indicted in the first place ill be made more onerous, if not impossible this is why the rule requires transcript of all proceedings mandates that the state must afford the indigent a record of sufficient completeness to permit consideration of points *Miller v. State*, 299 S.E. 2d 174, 176 (La. App. 1983); see also *Darrough v. State*, 437 So. 2d 35, 37 (Miss. 1983) (where errors are assigned in a portion of the record not accurately preserved for appeal, this court and the defendant are disadvantaged on review). *State v. Wills*, 552 So. 2d 39, 43 (La. App. 3rd Cir. 1989) (omission from record, needed for a proper determination of the appeal, requires reversal) *State v. Green*, 322 A. 2d 495, 499 (N.J. 1974) The complete transcript is of crucial importance for a meaningful review of both the appellate court and to new counsel on appeal.) *Morris v. State*, 772 S.W. 2d 11, 12 (Ma. App. 1989 appellant shall not be penalized by state's failure to furnish proper records).

### E. THE ONLY APPROPRIATE REMEDY FOR ANY LOST TRANSCRIPT IN THIS CASE WOULD BE DISMISSAL OF THE INDICTMENT AGAINST MR. LARD.

22. There remains only the question of what to do about tall this. There is a presumption of prejudice which arises when the indigent accused is denied his right to free transcript. Cf. *US v. Selva*, 559 F.2d 1303, 1306 (5th Cir. 1977). In *Britt*, the Supreme Court held that defendant who claims the right to a free transcript does not bear

burden of proving inadequates. Such alternatives as may be suggested by the state or conjured up by the court in hindsight. *Britt v. North Carolina*, 404 US 230.

23. Even without this presumption, it is clear in this case that Mr. Lard substantial rights to a defense and meaningful appellant review are adversely affected by the State's failure in it's duty to provide a transcript of the pretrial proceeding. *Mosley v. State*, 461 So. 2d 34, 37, Ala. Ct. App. 1984) the same must be true of indictment proceeding.

24. In this case there was a guilty plea and this court has denied Mr. Lard a copy of all grand jury proceedings held October 15, 2002. Mr. Lard's conviction should be reversed. See *State v. Robinson*, 387 So. 2d 1143, 1144 (La. 1980); *State v. LeBlanc*, 367 So. 2d 335, 337 (La. 1979); *State v. Jones*, 351 So. 2d 1194, 1196 (La. 1977); *State v. Ford*, 338 So. 2d 107, 109 (La. 1976).

WHEREFORE, premises considered Mr. Lard respectfully moves that this case be set down for an evidentiary hearing, and that the indictment against him be dismissed if no transcript is produced of the grand jury proceedings.

Respectfully Submitted,

_____
**Marcus Lard**

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served by first class mail to the 19th Judicial District Court on this _____ day of September, 2021.

_____
**Marcus Lard**

IN THE
_JUDICIAL DISTRICT COURT
PARISH OF
STATE OF LOUISIANA

MARCUS LARD,                                          DOCKET #36606

    VERSUS                                           DIVISION "____"

STATE OF LOUISIANA                                    FILED: _____

## ORDER

Considering the Foregoing:

It Is Hereby Ordered that Marcus Lard be served with the copy of Grand Jury

Proceeding in order to verify the State's case. [Case No. 36606]


                                        _____
                                         THE HONORABLE JUDGE